**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

FILED

SEP - 9 2011

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By_____
Deputy Clerk

| | |
|---|---|
| **DENEOVAL J. DERRICK** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     **Case No. CIV 09-490-RAW-KEW** |
| | ) |
| **RANDALL G. WORKMAN, Warden,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, is challenging his loss of earned credits arising from a disciplinary proceeding at that facility. He has not filed a response to the respondent's motion.

The record shows that petitioner received a disciplinary report on October 14, 2008, for the offense of Possession/Manufacture of Contraband. The staff had found a rolled-up pop can that had been sharpened to a point and wrapped in Saran Wrap in a September 10, 2008, search of his cell. Petitioner claimed the alleged contraband actually was a homemade antenna. The disciplinary hearing was conducted on October 23, 2008, with petitioner present. He was found guilty of the offense, and the facility head affirmed the decision on November 6, 2008. Petitioner filed an administrative appeal with the warden, but it was untimely and was returned unanswered on December 10, 2008. Petitioner's appeal to the DOC Director also was returned unanswered on January 9, 2009, as untimely. Petitioner did

not seek permission to file an appeal out of time, as allowed by the DOC disciplinary procedures. In addition, petitioner has not sought judicial review of the misconduct in the state district court or the Oklahoma Court of Criminal Appeals, in accordance with Okla. Stat. tit. 57, § 564.1.

The respondent alleges petitioner has failed to exhaust his administrative and state court remedies for his claim. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). Pursuant to the appeal process of the DOC's disciplinary procedures, petitioner had 30 calendar days after receiving a finding of guilt to submit an appeal to the facility head. *See* OP-060125(V) at www.doc.state.ok.us. Petitioner received a copy of the disposition of his disciplinary hearing on November 7, 2008, but his misconduct appeal was not received until December 10, 2008. Petitioner claimed he did submit the appeal in time, but it was not delivered by the deadline. He did not, however, request to submit a disciplinary appeal out of time by submitting the proper form within 30 calendar days of the date the untimely appeal was denied. *See* OP-060125(VI). He, therefore, failed to exhaust his administrative remedies.

In addition, an Oklahoma inmate can pursue a judicial appeal process through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1. The statute specifically requires the state court to determine whether due process was provided. Okla. Stat. tit. 57, § 564.1(D). A petition for judicial review must be filed within 90 days from the date an inmate was notified of the DOC's final decision in the disciplinary appeal process, so it now is too late to pursue this process. "[I]f state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural

default functions as a bar to federal habeas review." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (citing *Woodford v. Ngo*, 548 U.S. 81 93 (2006)). *See also Gray v. Netherland*, 518 U.S. 152, 162 (1996) (such a "procedural bar . . . gives rise to exhaustion [and] provides an independent and adequate state-law ground for the [sanction imposed]"); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Cargle v. Mullin*, 317 F.3d 1196, 1212 n.15 (10th Cir. 2003).

ACCORDINGLY, the respondent' motion to dismiss petitioner's petition for a writ of habeas corpus for failure to exhaust administrative and state court remedies [Docket #7] is GRANTED, and this action is, in all respects, DISMISSED.

IT IS SO ORDERED this 9th day of September 2010.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE